**William STEPHENS, Plaintiff–Appellant,**

v.

**DAIMLERCHRYSLER CORPORATION; Charles R. Cheney; Robert Eaton, Defendants–Appellees.**

No. 01–2735.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

*ORDER*

William Stephens, a Texas resident proceeding pro se, appeals the district court judgment denying his motion to amend his complaint in this action brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq., and other law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking one billion dollars in damages, Stephens sued DaimlerChrysler Corporation (DaimlerChrysler), and Daimler-Chrysler employees Charles S. Cheney, Robert Eaton, and Jüergen Schrempp in the United States District Court for the Eastern District of Michigan. Stephens alleged that he sent a design for an electric vehicle to then–Chrysler Chairman Lee Iacocca in 1995, and that the defendants used the design without Stephens's consent. Stephens raised claims of fraud, breach of contract, and RICO violations. DaimlerChrysler, Cheney, and Eaton moved to dismiss or for summary judgment. Schrempp moved to dismiss for insufficiency of service of process and lack of personal jurisdiction. Stephens filed a

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

response and a counter-motion for summary judgment. The district court granted Schrempp's motion, granted the remaining defendants' motion for summary judgment, and denied Stephens's motion. The district court held that Stephens's design concepts were well known in the automotive industry before 1995 and that Stephens had not demonstrated that DaimlerChrysler used any of his suggestions. Stephens moved the court to reconsider its order dismissing Schrempp as a defendant, moved for discovery, and moved to amend his complaint. The district court denied Stephens's motion for reconsideration on October 12, 2001, and denied the remaining motions on November 27, 2001. On December 17, 2002, Stephens appealed the order denying his motion to amend his complaint.

In his appeal, Stephens essentially argues that: (1) the district court had personal jurisdiction over Schrempp; (2) Stephens disproved the defendants' assertions that they did not correspond with him; (3) DaimlerChrysler used his design; and (4) he should have been permitted to amend his complaint and conduct discovery.

Initially, we note that the only issue on appeal is the propriety of the district court's order that denied Stephens's motion to amend his complaint. Stephens did not timely appeal either the district court's decision to dismiss Schrempp as a defendant or the court's decision to grant summary judgment to DaimlerChrysler, Cheney, and Eaton. The underlying judgment is not reviewable because the notice of appeal was filed more than thirty days after entry of the judgment. *See* Fed. R.App. P. 4(a); *Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

This court reviews a district court's denial of a motion to amend a complaint for an abuse of discretion. *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 783

(6th Cir.2000), *cert. denied,* 531 U.S. 1145, 121 S.Ct. 1082, 148 L.Ed.2d 958 (2001). A motion to amend a complaint should be denied if the amendment would be futile. *Marx v. Centran Corp.,* 747 F.2d 1536, 1550 (6th Cir.1984).

Upon review, we conclude that the district court did not abuse its discretion when the court denied Stephens's motion to amend his complaint. *See Begala,* 214 F.3d at 783. In his original complaint, Stephens alleged that he wrote to Chrysler Chairman Lee Iacocca in 1995 about his design for an electric automobile that would use an air-driven paddle wheel to generate energy and flywheels to store energy. Stephens alleged that he returned a signed agreement, but DaimlerChrysler has no record of receiving it. Stephens contacted DaimlerChrysler again in 1998 because he believed he saw a Chrysler vehicle using his propulsion concept featured in a television commercial. Cheney sent Stephens a suggestion agreement, which Stephens signed and returned with notes and drawings of his design. DaimlerChrysler did not pursue Stephens's suggestions. In their motion for summary judgment, DaimlerChrysler, Cheney, and Eaton submitted declarations from DaimlerChrysler employees. They stated that Stephens's design concepts were well-known in the automobile industry before 1995, that DaimlerChrysler constructed a prototype vehicle using flywheel energy storage in 1993, and that the company did not use any part of Stephens's design.

Stephens's amended complaint was futile because it contained nothing to support his claim. *See Marx,* 747 F.2d at 1550. Stephens took issue with DaimlerChrysler's version of events but submitted no admissible evidence. Instead, he engaged in circular reasoning to argue that DaimlerChrysler must have seen his 1995 design because the company was able to produce

and advertise such a vehicle by 1998. Stephens attempted to discredit DaimlerChrysler's assertion that flywheels were well-known before 1995 by arguing that the existence of patents on such designs proved that they were unique. In the end, however, Stephens's allegations were not enough to overcome DaimlerChrysler's proof that DaimlerChrysler designed a vehicle using a flywheel energy storage device *without* Stephens's help.

Because permitting Stephens to amend his complaint would have been futile, the district court did not abuse its discretion when the court denied Stephens's motion. *See Marx*, 747 F.2d at 1550. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.